MORRIS BUNEVICH AND ABE GOLUB, PLAINTIFFS-AP-
PELLEES, v. PUBLIC SERVICE RAILWAY COMPANY,
DEFENDANT-APPELLANT.

Decided September 27, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Henry H. Fryling.*

For the appellees, *Irving S. Werksman.*

PER CURIAM.

The only ground of appeal relied on by appellant's counsel
for a reversal of the judgment brought here for review is,
that the trial judge erred in finding that the driver of ap-
pellant's bus at the time the appellees suffered the damage
to their property, as complained of in their state of demand,
was in the employ of the appellant company, in the discharge
of the duties of his employment. Whether the appellant's
driver, at the time of the accident, was in the discharge of
the duties of his employment, was a mixed question of law
and fact.

The undisputed facts in the case are, that the appellant
company was the owner of a bus for the carrying of pas-
sengers for hire. The route was the Hackensack line, leaving

Burgess Place, Main avenue to Passaic street into Garfield, into Lodi, Rochele Park to Hackensack and return.

The amount of the damages claimed by the appellees is undisputed. It is conceded that the appellees were the owners of the premises at the corner of Hamilton avenue and Ross Place, in the city of Passaic, and that the building was damaged by reason of the bus running into it. The accident happened at about eleven-forty o'clock at night. The driver of the bus was drunk, and that fact was suspected by the appellant as early as eight-thirty o'clock in the evening, at which time the appellant company received a telephone call from Davis, the driver of the bus, that the bus was at Passaic and River road, Garfield, with a flat tire, and thereupon the station master notified the supervisor, who sent a mechanic with a tire to fix up the bus. Later in the evening, about eleven twenty-five o'clock, the supervisor received a telephone call from Donohue's Cafe, at Garfield, and had a talk with Davis, who told the witness he was O. K., and that he, the supervisor, instructed Davis what he should do and to turn back and get in his time to fill the gap on the road, and during that conversation the supervisor discovered there was something wrong with Davis, and thought Davis had been drinking, and thereupon gave orders to him to stay there until he, the supervisor, got there, and the supervisor went to Donohue's Cafe, and when he reached the cafe discovered no one there. He then started out to hunt Davis up, and followed him through various streets, on the regular route, and that Davis left the route after he passed the Garfield bridge in Passaic.

We think from the facts as detailed that there was a proper basis laid for the trial judge to find that Davis was in the employ of the appellant company at the time of the happening of the accident. No one, apparently, was sent to take the place of Davis as driver of the bus, though the supervisor was put upon notice that there was something wrong with the driver, and notwithstanding acquiesced in the driver having control of the bus.

We find no substance in the claim that at the time of the

accident the driver was not in the employ of the appellant company, as its driver. He certainly was not operating the bus for his own pleasure and benefit, and the mere fact that he turned into a street with the bus, whether by mistake or otherwise, which street was not directly on the route mapped out by the appellant, is of no material consequence.

We cannot countenance a theory which would absolve a common carrier of passengers from responsibility to the general public, either as passengers or pedestrians, for the tortious act of its servant upon such tenuous ground, as is advanced by appellant.

Judgment is affirmed, with costs.